IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ADAM DELGADO,                                    )
500 N. Michigan Ave., Suite 300                  )
       Chicago, Illinois 60611                )
                                                 )
  Plaintiff                                      )
                                                 )
  v.                                             )          No:
                                                 )
ALBERTO  GONZALES, sued in his official           )
capacity as Attorney General, United States       )          **<u>JURY DEMANDED</u>**
Department of Justice,                            )
950 Pennsylvania Ave., N.W.,                      )
Washington, D.C. 20530                            )
                                                 )
  Defendant                                      )
                                                 )
_____)

## COMPLAINT

    1.    This is an action brought under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §2000-e, and 42 U.S. C. §1981a for employment discrimination on

the basis of race, National Origin (Hispanic) and color, as well as retaliation for raising

discrimination issues in the workplace.

    2.    Plaintiff Adam Delgado,  a former Special Agent series 1811 with the

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF),  has been discriminated

against on the basis on his race, National Origin (Hispanic) and color in promotion,

transfer, performance evaluation, harassment and constructive discharge because of

his race and National origin and stereotypes about his race and National origin,

because he cannot speak Spanish, as ATF expected of a Hispanic Special Agent and in retaliation for complaining about EEO issues..

3.      Defendant Alberto Gonzales is sued in his official capacity as Attorney General as the Cabinet officer responsible for overseeing ATF.

## JURISDICTION AND VENUE

4.      Jurisdiction in this matter is proper under 28 U.S.C. §1331 (federal question) and  venue is proper under Title VII, 42 U.S.C. §2000d-5(f)(3) in that the official personnel records for plaintiff are located in this jurisdiction.  Plaintiff has exhausted his administrative remedies in a timely fashion in that more than 180 days have passed from the time of plaintiff's charge and no final agency action has been taken on the charge..

## DENIAL OF TRAINING

5**.**      Plaintiff was assigned for duty in Puerto Rico on September 22, 2002. Defendant told plaintiff that he was being chosen for Puerto Rico because it was assumed that he spoke Spanish; however, plaintiff told Defendant that Plaintiff did not speak Spanish, but Defendant assigned him to Puerto Rico anyway.  Plaintiff has been subjected to a stereotype that all Hispanics speak Spanish.  Even after Plaintiff told Defendant that he did not speak Spanish, his assignment did not change.  Plaintiff requested to be sent to Spanish language school, but that request was denied.  Plaintiff is the only Special Agent in the office who does not speak Spanish**.**

## ASSIGNMENTS

6.      Plaintiff's assignments have been rendered more difficult for plaintiff to

demonstrate his abilities, both in the field and in the office, because he does not speak
Spanish.  Despite this handicap, plaintiff has solved previously unsolved cases in
Puerto Rico and performed his duties in a satisfactory manner.

7.    Nonetheless, Defendant's refusal to send him to Spanish language school
and resistance to provide plaintiff with Agent Cashier funds affected adversely virtually
every aspect of Plaintiff's career by preventing him from demonstrating outstanding
performance. Accordingly, plaintiff sought transfers to the metro area group offices in
the Chicago field division, where his had been a police officer, and where he could
make better use of his talents and connections.  Moreover, plaintiff's spouse is a
Chicago police officer and the lack of ability to see her on a regular basis had a severe
emotional impact on both him and his spouse and upon their marriage.

### DENIAL OF TRANSFER AND LEAVE

8.    Puerto Rico is considered a "hardship" post by ATF and therefore ATF
policy allows for a transfer after three years in such a post.  Thus, plaintiff should have
been entitled to a transfer in September of 2005.  Plaintiff applied for such transfer, but
this transfer was denied. Everyone else in the office was given his or her transfer in
three years. Moreover, plaintiff would have received greater locality pay in Chicago than
in Puerto Rico.  The need to maintain two residences has also had a severe financial
impact on plaintiff..

9.    Because Puerto Rico is a hardship post, agents are entitled to 10 days a
year of "home" leave; however the Miami Field Division previously allowed 15 days of
home leave per year for all 1811s, prior to Delgado, whose home of record was within
the Continental United States (CONUS).  Defendant has provided plaintiff with a

3

memorandum reflecting the 15 day home leave policy.  Plaintiff was approved for 15 days of home leave per year, but RAC Marcial Felix called Plaintiff back to Puerto Rico before his approved date of return.  Plaintiff has been given only a total of 19 days of home leave.  Plaintiff was also given a hard time because he wanted to take sick leave to visit his mother who was having an angioplasty in March 2005.

10.     Plaintiff has also been given a poor performance evaluation because of his inability to speak Spanish.  On October 4, 2004 he was given a poor performance evaluation and was told that he 45 days to improve or he would be terminated by his Supervisor Jose Oquendo, and that it was due in part to his inability to speak Spanish. Plaintiff grieved this evaluation and it was changed by the Assistant Special Agent in Charge Mark Murray.  This poor evaluation and the necessity of appealing it to supervisory personnel was part of the pattern of harassment and caused severe emotional distress to plaintiff.

## DENIAL OF PROMOTION

11.     Plaintiff applied for a promotion to be a polygraph examiner. GS-13,.  in November 2004.  He was initially told that he was not within the area of consideration, but was later told that was wrong and he was in consideration for the position.  Plaintiff was denied the position.  Plaintiff believes that he was denied that position in part because of his race and National Origin and because of negative references by his supervisor in Puerto Rico, who had been discriminating against him throughout the period of this complaint.

## HARASSMENT

12.     Throughout the period of this complaint, plaintiff has been subjected to numerous incidents of harassment by his supervisors and ATF management.  These acts included, but are not limited to:

a..     On September 25, 2003, plaintiff's call to his supervisor requesting to take a full day of leave was responded to with a comment asking how long has he known about this and do what you have to do;

b.     On or about September 16, 2004, plaintiff's previously approved home leave request was reduced from 30 days to 19 days;

c.     On or about September 22, 2004, plaintiff was not authorized to attend language school in spite of the fact that he was unable to speak Spanish;

d.     On October 4, 2004, the supervisor informed plaintiff that his job was in jeopardy and joked about agents being fired;

e.     In November 2004, plaintiff is informed and believes that management possibly made comments to someone involved in the selection process for the position of Polygraph Examiner GS-13 announcement number B04-172 , in Chicago, Las Vegas, and Atlanta;

f.     On May 17, 2005, plaintiff's supervisor RAC Felix made a threat on his life and RAC Oquendo threatened plaintiffs' career would be dead

g.     Death threats were made from these supervisors if plaintiff telephoned Internal Affairs, physical violence from a co-worker and unjust threats of dismissal by RAC Marcial Felix, GS Jose Oquendo and ASAC Pellettiere;

h.     On May 17, 2005, plaintiff was denied the opportunity to interview his confidential informant;

5

l.      On June 10, 2005, plaintiff was refused agent cashier requests;

k.      On January 4, 2006, plaintiff's request to apply for the Special Response Team (SRT) was disapproved and the Assistant Special Agent in Charge (ASAC) failed to respond to his request;

l.      the Resident Agent in Charge (RAC) refused to tell plaintiff who disapproved plaintiff's application;

m      Plaintiff received a "poor" performance appraisal on October 4, 2004;

n      In connection with the "poor" performance evaluation, plaintiff was told that he would be closely supervised for the next forty-five days under threat of termination.;

o.      Denial of plaintiff's repeated requests to be transferred out of Oquendo's supervision;

p.      In June of 2006, in an attempt to gain new employment, plaintiff needed RAC Oquendo to complete a section of plaintiff's application to become a private detective in the state of Illinois.  On July 3, 2006, SAC Julie Torres, in a further act of retaliation, completed the form plaintiff sent to Oquendo.  SAC Torres marked "NO" to the question, "Did the applicant establish, to your satisfaction, honesty, truthfulness, integrity and competency>' Torres gave no further explanation as requested by the form.

## CONSTRUCTIVE DISCHARGE

13.     Because of this pattern of harassment and because of the continued denial of his requests to be transferred to Chicago to be with his wife, ATF made the

6

conditions of plaintiff's employment so intolerable that a reasonable person could not continue to work under them, and, accordingly, effective April 4, 2006.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1.      Reinstatement to ATF at the GS level that he would have achieved absent his constructive discharge;

2.      Assignment to duty in the metro area group in the Chicago Field Office;

3.      Removal of all derogatory information from plaintiff's personnel file;

4.      Back pay for the denial of the polygraph examiner position;

5,      Compensation for a fully paid move to Chicago to include immediate acceptance and processing of plaintiff's home in Puerto Rico in the home buy back program

6.      Full credit of Home leave and Administrative leave to be used at plaintiff's discretion;

7.      Matching funds for the Thrift Savings Program;

8      Compensatory damages for severe emotional distress and damages caused by the need to maintain two residences and travel back and forth to Chicago in the amount of $300,000;

9.      Attorneys fees and costs incurred in this action;

10      Such other and further relief as the Court deems proper.


                                        Respectfully submitted


January 23, 2007                        _____/s/_____
_____       David J. Shaffer #413484
                                        600 Fifth St., N.W.
                                        Washington, D.C. 20001
                                        (202) 962-2820

## **JURY DEMAND**

Plaintiff demands a jury on all issues so triable.

Respectfully submitted

January 23, 2007

_____

/s/
_____
David J. Shaffer #413484
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820

07-256
CKK

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Adam Delgado, 500 N. Michigan Ave., Suite 500, Chicago, Illinois | Alberto Gonzales, sued in his official capacity as Attorney General, 950 Penn. Ave., N.W. Wash. DC 20530 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Cook Cty., Illinoi
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David J. Shaffer
600 Fifth St., N.W.
Washington, D.C. 20001

CASE NUMBER  1:07CV00256

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Employment Discrimination

DATE STAMP: 02/02/2007

JURY
ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ⊗ H. *Employment* *Discrimination* | ○ I. *FOIA/PRIVACY* *ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ▷ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA* *(non-employment)* | ○ L. *Other Civil Rights* *(non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

V. ORIGIN
⊗ 1 Original   ○ 2 Removed   ○ 3 Remanded from   ○ 4 Reinstated   ○ 5 Transferred from   ○ 6 Multi district   ○ 7 Appeal to
   Proceeding       from State        Appellate Court      or Reopened      another district       Litigation        District Court
                    Court                                                   (specify)                                 from Mag. Judge

VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Section 2000e, Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. Section 1981a

| VII. REQUESTED IN<br>COMPLAINT | ☐ CHECK IF THIS IS A CLASS<br>ACTION UNDER F.R.C.P. 23 | DEMAND $ $300,000+<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

VIII. RELATED CASE(S)     (See instruction)     YES ☐     NO ☒     If yes, please complete related case form.
IF ANY

DATE 1/30/07     SIGNATURE OF ATTORNEY OF RECORD     *Nancy Shiff*

2-2-07

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.