UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADAM DELGADO, )
 )
       Plaintiff, )
 )
   v. ) Civil Action No. 07–0256 (CKK)
 )
ALBERTO GONZALES, )
Attorney General, )
 )
       Defendant. )
 )

## ANSWER

Defendant Alberto Gonzales, Attorney General, United States Department of Justice, by and through his undersigned attorneys, respectfully submits the following Answer to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies with respect to some of his claims.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a prima facie case under any of the claims or causes of action he has asserted.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant had legitimate, non-discriminatory reasons for its actions which were in full compliance with the applicable statutes, regulations, and other authorities.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant cannot be held vicariously liable with respect to some of Plaintiff's claims.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

**SPECIFIC RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

1.  This Paragraph contains Plaintiff's characterization of this action, to which no response is required.  To the extent that an answer may be deemed to be required, the allegations are denied.

2.  Defendant denies all allegations of discrimination, harassment, retaliation, and constructive discharge alleged by Plaintiff in this paragraph.  Defendant admits that Plaintiff Adam Delgado was formerly employed by the Bureau of Alcohol. Tobacco, Firearms and Explosives ("ATF") as a Special Agent in the 1811 series, but denies all other allegations in this

paragraph.

3. This Paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed to be necessary, the allegation is denied.

4. This Paragraph contains conclusions of law and jurisdictional allegations, to which no response is required. To the extent that a response is deemed to be necessary, Defendant denies these allegations.

5. Defendant denies the first sentence of this paragraph, except to admit that, on or about September 22, 2002, Plaintiff began his employment with ATF and that he was assigned to the Puerto Rico Field Office of the Miami Field Division ("MFD") as a new hire at that time. Defendant denies the second, third, fourth, and fifth sentences of this paragraph. Defendant further avers the following concerning the allegations in the second, third, and fourth sentences: (1) that when Plaintiff was interviewed, he volunteered, in response to a standard interview question, that he spoke "essential" Spanish and "weak" French; (2) that at the time of his application, he was given a form which advised him that "ATF does not guarantee field office preferences"; (3) that Plaintiff indicated in that form that Puerto Rico was one of his top four geographic choices; (4) that, in his Optional Application for Federal Employment, he circled "yes" in response to a question asking whether he was willing to "accept a special agent position with ATF anywhere in the United States" and he also circled "yes" in response to a question asking whether he would be "willing to sign a geographic mobility agreement with ATF" that would make him "subject to relocation at any time"; (5) that Plaintiff also signed a form in which he indicated that he "underst[ood] and acknowledge[d]" that the "conditions of his employment"

with ATF included the following: that "if I am selected, my first permanent field office assignment may be anywhere in the United States; and, my expressed personal geographic preferences may not be accommodated" and that "if employed by ATF, I will be subject to reassignments and relocations at the discretion of the Bureau"; and (6) that 11 months after he was hired, on August 22, 2003, Plaintiff submitted a memorandum to his supervisors in which he indicated that he was "proficient in Spanish, and practice it frequently on a daily basis." With regard to Plaintiff's allegation in the fifth sentence, Defendant further avers that while Plaintiff was not allowed to attend the Spanish language school of his choice, pursuant to well established ATF policy, he and other ATF special agents did attend Spanish language training offered by the community liaison center at ATF expense. Defendant denies the sixth sentence, except to admit that during the period that Plaintiff was in the Puerto Rico's field office he was one of several ATF special agents who had difficulty using the Spanish language.

      6. Defendant denies the allegations of the first sentence of this paragraph, except to admit that Plaintiff had a limited grasp of the Spanish language. Defendant denies the allegation in the second sentence that Plaintiff's limited grasp of the Spanish language was a handicap in his job, but admits that Plaintiff solved some previously unsolved cases and was deemed acceptable in his performance evaluations.

      7. Defendant denies the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence, Defendant admits that, Plaintiff sought transfers to the Chicago area and that he had been a police officer there, but Defendant lacks sufficient information to admit or deny that Plaintiff could have made better use of his talents and connections in Chicago. Defendant admits the allegations in the third sentence that Plaintiff's

spouse is a Chicago police officer, but lacks information sufficient to admit or deny the allegation that Plaintiff's lack of ability to see her on a regular basis had a severe emotion impact on both him and his spouse and upon her marriage.

    8. Defendant denies the allegations in the first sentence of this paragraph, except to admit that Puerto Rico has been designated a "hardship post" by ATF and that ATF has and had a policy that permits transfers of agency personnel who transferred from one ATF post of duty to Puerto Rico's field office under certain circumstances. Defendant further avers that ATF has never had a policy under which newly hired ATF employees, such as Plaintiff during the relevant period, had a right to reassignment or transfer. Defendant denies the second sentence. Defendant denies the third sentence, except to admit that the Plaintiff sought a transfer from the Puerto Rico Field Office and that ATF did not agree to transfer him. Defendant denies the fourth sentence. Defendant admits the fifth sentence. Defendant lacks information sufficient to admit or deny the allegations in the sixth sentence. To the extent an answer may be deemed required, Defendant denies the allegations in the sixth sentence.

    9. Defendant denies the first sentence of this paragraph, except to admit that Puerto Rico has been designated a "hardship post" by ATF and that Plaintiff designated Chicago as his "home of record" in his home leave request. Defendant lacks information sufficient to admit or deny the allegations in the second sentence. To the extent an answer may be deemed required, Defendant denies the allegations in the second sentence. Defendant denies the third sentence, except to admit that an ATF employee inadvertently approved Plaintiff's request that he be allowed to use 15 days of home leave per year of service in Puerto Rico, but that subsequently, when it became clear that this approval was inconsistent with well established ATF policy codified in the federal

regulations at 5 C.F.R. § 630.601 *et. seq.*, the approval was reduced to up to the authorized level of 10 workdays per year of continuous service, which in Plaintiff's case would have amounted to 20 workdays of home leave during the relevant period. Defendant denies the fourth and fifth sentences.

10. Defendant denies the first, second, and third sentences of this paragraph, except to admit that: (1) Plaintiff was given a performance evaluation which included a comment which indicated that his lack of a "working knowledge of the Spanish language" had "become an impediment in his day to day relations not only with members of the task force but [with] police in general"; (2) that he was given 45 days to improve by group supervisor Jose Oquendo, for reasons unrelated to his Spanish speaking ability or lack thereof; and (3) that he grieved his evaluation and it was changed by Assistant Special Agent in Charge Mary Murray. Defendant denies the fourth sentence.

11. Defendant admits the first sentence of this paragraph. Defendant denies the second sentence of this paragraph. Defendant admits the third sentence, and further avers that Plaintiff was not given the polygraph, GS 13 position because he was not eligible for it at that time because he did not have sufficient time in grade as a GS 12. Defendant lacks information sufficient to admit or deny Plaintiff's allegations in the fourth sentence concerning his beliefs, and denies the allegation in that sentence that Plaintiff's supervisors ever discriminated against him based on his race and national origin.

12. Defendant denies Plaintiff's allegation in the first sentence of this paragraph that he was subject to incidents of harassment by his supervisors and ATF management.

12.a. Defendant denies Plaintiff's allegations in paragraph 12(a), except to admit that

Plaintiff requested a full day of leave of leave on September 25, 2003, and that his then supervisor asked him appropriate questions about that leave request and then granted it.

 12.b. Defendant denies Plaintiff's allegation in paragraph 12(b).

 12.c. Defendant denies Plaintiff's allegation in paragraph 12(c), except to admit that Plaintiff was not allowed to attend the Spanish language school of his choice, pursuant to well established ATF policy. However, Defendant further avers that Plaintiff and other ATF special agents did attend Spanish language training offered by the community liaison center at ATF expense.

 12.d. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 12(d). To the extent an answer may be deemed required, Defendant denies paragraph 12(d).

 12.e. Defendant lacks sufficient information to admit or deny Plaintiff's allegations in Paragraph 12(e) regarding the matters about which Plaintiff is informed and believes. To the extent an answer may be deemed required, Defendant denies paragraph 12(e).

 12.f. Defendant denies the allegations in paragraph 12(f).

 12.g. Defendant denies the allegations in paragraph 12(g).

 12.h. Defendant denies the allegations in paragraph 12(h) and further avers that Plaintiff was told that he could conduct the interview of a confidential informant, but simply that he could not bring a trainee Special Agent to assist him in the interview as a matter of agency policy.

 12.i. Defendant denies the Plaintiff's allegations in paragraph 12(i) and avers that Plaintiff requested and received $50 to pay his informant.

 12.j. Plaintiff's Complaint does not contain a paragraph 12(j), and thus no response to

that paragraph is required.

12.k.  Defendant denies Plaintiff's allegations in paragraph 12(k).  Defendant further avers that: Plaintiff's application to join the Special Response Team ("SRT") was forwarded to the deciding official at headquarters in Washington, D.C. for consideration as required by agency policy; that Plaintiff's first, second, and third line supervisors did not recommend him for this position; and that Plaintiff was not selected to join the SRT or attend the SRT basic school.  Defendant further avers that, in any event, the solicitation for new members of the SRT was canceled in its entirety due to lack of funding and so Plaintiff's application along with all other s was not considered.

12.l.  Defendant denies Plaintiff's allegations in paragraph 12(l).  Defendant avers that the Resident Agent in Charge did not know the identity of the deciding official in headquarters in Washington, D.C. who was responsible for deciding whether Plaintiff could join the SRT and therefore could not have refused to divulge the information, and Defendant further avers that, in any event, the solicitation for new members of the SRT was canceled in its entirety due to lack of funding and so Plaintiff's application along with all other s was not considered.

12.m.  Defendant denies the allegations in paragraph 12(m), except to admit that Plaintiff was given a performance evaluation which included a comment which indicated that his lack of a "working knowledge of the Spanish language" had "become an impediment in his day to day relations not only with members of the task force but [with] police in general."

12.n.  Defendant denies the allegations in paragraph 12(n), except to admit that Plaintiff was given 45 days to improve his performance by group supervisor Jose Oquendo for reasons unrelated to his Spanish speaking ability or lack thereof, without a threat of termination.

12.o.  Defendant denies the allegations in paragraph 12(o), except to admit that Plaintiff made one written request to be transferred out of Oquendo's supervision which was not approved.

12.p.  Defendant denies the allegations in paragraph 12(p), except to admit that Plaintiff asked Resident Agent in Charge ("RAC") Oquendo to complete Plaintiff's application to become a private detective in Illinois, that RAC Oquendo forwarded that application to Special Agent in Charge ("SAC") Julie Torres, who decided that she could not in good conscience certify to Plaintiff's honesty, truthfulness, integrity, and competency, and that she declined to expand on her response in the form.

13.  Defendant denies the allegations in paragraph 13.

The remaining paragraphs of the complaint constitute a prayer for relief and a jury demand to which no responses are required.  To the extent responses are required, Defendant denies that Plaintiff is entitled to any relief whatsoever.  Defendant also expressly denies each and every allegation in the complaint that is not expressly admitted in this answer.

WHEREFORE, Defendant having submitted its answer to Plaintiff's complaint, requests that the complaint be dismissed and that the Court award to Defendant any and all relief that the Court deems just, including the costs associated with defending this action.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                          \_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


                          \_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the foregoing Answer was served upon plaintiff's counsel pursuant to the Court's Electronic Case Filing System, addressed to:

>David J. Shaffer
>Washington Metropolitan Transit Authority
>600 Fifth Street, N.W.
>Washington, D.C.  20001

on this 9th day of July, 2007.

                        __/s/_____
                        JONATHAN C. BRUMER, D. C. BAR # 463328
                        Special Assistant United States Attorney
                        555 Fourth Street, N.W., Room E4815
                        Washington, D.C. 20530
                        (202) 514-7431
                        (202) 514-8780 (facsimile)