UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM DELGADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07–0256 (CKK) |
| ) | |
| ALBERTO GONZALES, ) | |
| Attorney General, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT REGARDING DISCOVERY PLAN**

The parties have met and conferred over a joint discovery plan and anticipate the following discovery designed to complete discovery before the close of discovery and the commencement of mediation on March 10, 2008.

1. Pursuant to the Court's September 10, 2007 order, the parties will exchange initial disclosures by October 10, 2007, and each party is limited to a maximum of 10 depositions and 25 interrogatories. See Docket Entry No. 12.

2. Plaintiff's counsel served a first set of interrogatories and a first request for production on Defendant's counsel immediately following the status conference in this matter on September 10, 2007. A response is currently due to those discovery requests by October 10, 2007. Although Defendant will attempt in good faith to complete his response to Plaintiff's initial discovery request by October 10, 2007, Defendant's counsel anticipates that Defendant may end up needing some additional time to prepare an adequate response to these discovery requests.

3. Defendant plans to serve an initial set of written discovery requests on Plaintiff in

November 2007 or, at the latest, in early December 2007.

    4. The parties anticipate that they may wish to serve more than one round of written discovery upon one another. They agree that they may serve written discovery requests upon each other at any time prior to the close of discovery on March 10, 2008.

    5. Subject to the availability of counsel and witnesses, Defendant's counsel intends to depose Plaintiff and Plaintiff's wife on or after December 15, 2007. He has been advised by Plaintiff's counsel that Plaintiff will be available for a deposition in January and February 2008.

    6. During the discovery period, Defendant's counsel also plans to conduct either in person depositions or depositions upon written questions (pursuant to Fed. R. Civ. P. 31) of the following individuals: (1) an appropriate representative of the Chicago Police Department; (2) a commander in Plaintiff's military unit; (3) an employee of the Department of State; and (4) Plaintiff's real estate broker/agent in Chicago. Defendant's counsel has not yet ascertained the dates on which any of these individuals will be available to be deposed.

    7. Plaintiff has provided Defendant with a draft notice of a Fed. R. Civ. P. 30(b)(6) deposition. Defendant would object to some portions of this deposition notice if this notice were to be served upon him. Subject to those objections, Defendant has identified six agency employees who would have information concerning the subject areas listed in this draft deposition notice (excluding the topics as to which Defendant would object). Defendant's counsel has also provided Plaintiff's counsel with a tentative proposed date of November 9, 2007, on which these six agency employees could be available for a 30(b)(6) deposition on the topics listed in Plaintiff's draft deposition notice were it to be served upon him.

    8. At this time, Defendant's counsel wishes to note his position that each deponent who

is deposed at any Rule 30(b)(6) deposition the parties may conduct will count against the overall limit of 10 depositions which will apply in this action. Plaintiff's counsel does not share this view.

9.  The parties agree that, at any Rule 30(b)(6) deposition which may be held, the attorney(s) conducting the deposition will limit their questions to the subject areas as to which the deponent has been designated as having relevant information.

10.  The parties anticipate that they will conclude depositions in February 2008 with respect to any depositions not anticipated at this time, well in advance of the discovery cut-off and the mediation which will commence on March 10, 2008.

11.  The parties agree that a protective order may be necessary at some point in this litigation in order to protect documents covered by the Privacy Act, 5 U.S.C. § 552a; confidential medical records; and any other confidential documents and information.

12.  All of the aforementioned dates for depositions are subject to the availability of witnesses and counsel. The parties reserve the right to object to the scope of the above mentioned discovery requests or to any future discovery requests.

        Respectfully submitted,

        __/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

  /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
Fax: (202) 514-8780

Counsel for Defendant

  /s/_____
David J. Shaffer #413484
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2820
Fax: (202) 962-2550

Attorney for Plaintiff