# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM DELGADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07–0256 (CKK) |
| ) | |
| PETER D. KEISLER[1], ) | |
| Acting Attorney General, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## CONSENT MOTION FOR A PROTECTIVE ORDER
## AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

In this case against Defendant Peter D. Keisler, Acting Attorney General of the United States, Defendant anticipates that Plaintiff may seek certain types of information and documents whose release and dissemination would result in the disclosure of protected law enforcement techniques or methods; confidential information that pertains to intelligence gathering or national security (but is not otherwise protected by a recognized government privilege and should not be disclosed to the public); and/or information and documents whose release and dissemination would result in the infringement of privacy interests of third parties or might otherwise compromise confidentiality. In order to permit the parties to use information relevant to this case without disclosing law enforcement or confidential information and compromising the privacy interests of third parties, Defendant respectfully moves this Court to enter the attached Order

---

[1] On or about August 24, 2007, the former Attorney General, Alberto Gonzales, resigned from his position. On September 17, 2007, President Bush named Peter D. Keisler the Acting Attorney General. Accordingly, by operation of Fed. R. Civ. P. 25(d), Peter D. Keisler, the Acting Attorney General, is substituted for Alberto Gonzales. This Court

protecting the use of certain materials sought by Plaintiff through discovery.  Plaintiff has

reviewed the proposed Order and consents to this Motion.


November 5, 2007

                                        Respectfully submitted,



                                        __/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney

                                        __/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney


                                        __/s/_____
                                        JONATHAN C. BRUMER, D.C. BAR # 463328
                                        Special Assistant United States Attorney
                                        555 Fourth Street, N.W., Room E4815
                                        Washington, D.C. 20530
                                        (202) 514-7431
                                        (202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, , this 5<u>th</u> day of November, 2007, the foregoing *Consent*

*Motion for Protective Order* was served upon Plaintiff's counsel pursuant to the Court's

Electronic Case Filing System, addressed to:

      David J. Shaffer
      Washington Metropolitan Transit Authority
      600 Fifth Street, N.W.
      Washington, D.C.  20001


          ___/s/_____
          JONATHAN C. BRUMER, D. C. BAR # 463328
          Special Assistant United States Attorney
          555 Fourth Street, N.W., Room E4815
          Washington, D.C. 20530
          (202) 514-7431
          (202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM DELGADO,               )<br><br>         Plaintiff,     )<br><br>     v.               )<br><br>PETER D. KEISLER[1],   )<br>Acting Attorney General,   )<br><br>        Defendant.   )<br><br> | Civil Action No. 07–0256 (CKK) |

## PROTECTIVE ORDER

In this case against Defendant Peter D. Keisler, Acting Attorney General of the United States, Defendant anticipates that Plaintiff may seek certain types of information and documents which contain confidential information and/or whose release and dissemination would infringe upon the privacy interests of third parties or otherwise compromise confidential information.

For purposes of this Order, "confidential information" means: (a) information pertaining to law enforcement information and techniques; (b) information pertaining to intelligence gathering or national security information; (c) information implicating the privacy interests of third parties; (d) contact information of current employees, former employees, applicants for employment, and persons listed as personal references for applicants for employment with the Department of Justice ("DOJ") and its components, including but not limited to the Bureau of

---

[1] On or about August 24, 2007, the former Attorney General, Alberto Gonzales, resigned from his position. On September 17, 2007, President Bush named Peter D. Keisler the Acting Attorney General. Accordingly, by operation of Fed. R. Civ. P. 25(d), Peter D. Keisler, the Acting Attorney General, is substituted for Alberto Gonzales.

Alcohol, Tobacco, Firearms, and Explosives ("ATF"), including home and other addresses,

telephone numbers, other personal contact information; (e) other personal information

concerning current and former employees, applicants for employment, and persons listed as

personal references for applicants for employment  with DOJ and/or ATF, including marital

status, social security numbers, health and medical information, performance evaluations,

financial information, and wage and compensation information.

In order to permit the parties to discover information relevant to this case without

infringing upon privacy interests or otherwise compromising confidentiality,  it is hereby

ORDERED, that the following procedures shall be followed:

1.  Contemporaneous with production, Defendant will identify documents containing

confidential information as previously defined.  Such documents or information will be deemed

to be "information subject to the Protective Order," as referred to hereinafter.

2.  Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including

interrogatories, answers thereto, document requests, responses thereto, requests for admission,

responses thereto, or deposition transcripts, with the Clerk.

3.  If any party intends to file any motion, opposition, reply or any other filing prior to

trial and attach thereto or set forth the relevant portion of information subject to this Protective

Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with

the Clerk.  Version One shall redact the information subject to this Order and shall be filed on the

public record.  Version Two shall contain no redactions and shall be filed in the Clerk's Office in

sealed envelopes or other approved sealed containers on which shall be endorsed the title to this

action, a brief description of the contents of such sealed envelope or container, the words "under

seal," and a statement substantially in the following form:

> "This envelope contains documents which are
> filed in this case by [name of party] and is
> not to be opened except pursuant to order of
> the Court."

4. The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Nothing contained herein, however, shall be deemed limit to or restrict Defendant's use of its records, consistent with applicable laws and regulations, in the ordinary course of business.

5. Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court.

6. All documents and copies of documents which are designated as subject to this Order shall be destroyed or returned to Defendant's counsel within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, Plaintiff's counsel shall so notify Defendant's counsel in writing.

7. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for Defendant to counsel for Plaintiff or by an

Order of the Court. Plaintiff and his counsel also reserve the right to challenge Defendant's designation of any materials as subject to this Protective Order and to seek a court order for release of any such materials from the protection of this Order.

9. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any other statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is SO ORDERED by this Court this ___ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE



Copies to:

David J. Shaffer
Washington Metropolitan Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001

Jonathan C. Brumer
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530

4